UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE:      RICHARD THURMAN FLEMING,      Case No. 08-30200-KRH
                                                                                       Chapter 13
                Debtor.

**<u>MEMORANDUM OPINION</u>**

The Debtor, Richard Thurman Fleming, filed this Chapter 13 bankruptcy case on January 17, 2008. The Debtor, by counsel, filed an objection (the "Objection") to claim number six, filed by eCast Settlement Corporation ("eCast"), as assignee of Household Finance Corporation ("HFC"). On October 8, 2008, the Court conducted an evidentiary hearing on Debtor's Objection (the "Hearing"). For the following reasons, the Court overruled the Objection at the conclusion of the Hearing and submits this Memorandum Opinion in support.

A timely and properly filed proof of claim under 11 U.S.C. § 501 is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f). Any objection must be in writing and delivered to the claimant at least 30 days prior to any hearing scheduled thereon. Fed. R. Bankr. P. 3007(a). The hearing on the claim objection is treated as a contested matter, and Fed. R. Bankr. P. 9014 applies.

A proof of claim constitutes "prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). It has long been the rule that the party objecting to the proof of claim must present sufficient evidence to overcome the prima facie validity of a properly and timely filed proof of claim. *See, e.g., C-4 Media Cable South, L.P. v. Reds T.V. & Cable, Inc.* (*In re C-4 Media Cable South, L.P.*), 150 B.R. 374, 377 (Bankr. E.D. Va. 1992). The mere filing of an objection does not satisfy this requirement. *Id.* (citing *In re Trending Cycles for Commodities Inc.*, 26 B.R. 350, 351 (Bankr. S.D. Fla. 1982) and *In re Lanza*, 51 B.R. 125, 127 (Bankr. D.N.J.

1985), *reconsideration denied*, 55 B.R. 354 (Bankr. D.N.J. 1985)).  If sufficient evidence is presented to overcome the initial presumption, the burden shifts back to the creditor to prove the validity and amount of its claim.

The original proof of claim filed by eCast on April 30, 2008 was in the amount of $14,087.23.  The claim was amended on July 20, 2008 (as amended, "eCast's Proof of Claim") in order to include the documentary evidence that supports eCast's claim as required by Fed. R. Bankr. P. 3001(c).  The documents attached to eCast's Proof of Claim include (i) the assignment from HFC to eCast, (ii) the Personal Credit Line Account Agreement between HFC and the Debtor, (iii) a statement of account, and (iv) a detailed payment history, all of which were properly redacted in accordance with Local Rule 5005-1(G) of the Local Rules of Bankruptcy Procedure.

The Debtor's Objection seeks to have eCast's Proof of Claim disallowed in its entirety under 11 U.S.C. § 502(b)(1) on the grounds that the claim is unenforceable against the Debtor.  It appears that the Debtor does not dispute that the debt is owed, nor does the Debtor dispute the amount of the debt.  The Debtor claims that the debt is not due to eCast, but rather the Debtor contends that the debt is owed to HFC.  The Debtor included the debt on his Schedule F and listed HFC as the creditor.  eCast holds the claim as the assignee of HFC.  The Debtor claims that the assignment from HFC to eCast was defective and therefore void.  The Debtor asserts that because the assignment is void, eCast lacks standing to assert the claim against him.

The Debtor takes issue with the assignment arguing that "the assignment took place before [the Debtor's account] was in default."[1]  At the Hearing, Debtor's counsel did not call a

---

[1] The Debtor raised additional grounds for his objection for the first time at the Hearing.  He contends that the assignment is deficient because it is executed by HSBC Consumer Lending (USA), Inc. ("HSBC") and not by HFC.  While raising this argument for the first time at the Hearing violates the 30-day notice requirement set forth in Fed.

2

witness, proffer any testimony or submit any documentary evidence or depositions. Instead, counsel relied solely on eCast's Proof of Claim as filed. Counsel for the Debtor chose to rely entirely on an alleged ambiguity he claimed appeared on the face of eCast's documents.

The Debtor points out that the assignment provides in pertinent part: "This assignment shall have effect with respect to each Account on the day immediately following the day the Charge-off File identifying the Account is delivered from Seller to buyer." The last payment date reflected on the statement of account was February 16, 2007. The account statement also reflects an initial charged-off date of November 13, 2007. Because the assignment is dated October 1, 2006, and this date precedes the charge-off date, the Debtor argues that the assignment could not have included the Debtor's account. The Debtor contends that the debt, if any, is owed to an entity other than eCast.

But this argument misses the point. The very language contained in the assignment upon which the Debtor relies can clearly be read as a general assignment of future claims subject to a condition subsequent. The charge-off date triggered the effective date for the assignment of the Debtor's account from HFC to eCast. The date of the assignment did not. The assignment of the Debtor's account did not occur on October 1, 2006 (the day the assignment is dated), but rather it occurred on the day immediately following the day that the Charge-off File identifying the Debtor's account was delivered by HFC to eCast as provided in the assignment. That event took place sometime after November 13, 2007. The precise date does not affect the validity of the assignment.

Devoid of any evidence to the contrary, the Court cannot accept counsel's tortured interpretation of the language in eCast's documents to create a false ambiguity fatal to the

---

R. Bankr. P. 3007(a), the argument itself is spurious as HSBC is the managing corporation of HFC. Thus, HFC, the original creditor, assigned the debt to eCast through HSBC, its managing corporation.

3

assignment. Debtor's counsel offered no evidence that the general assignment dated October 1, 2006, did not subsequently include Debtor's account. The Court has no evidence that eCast is not the proper party to assert this claim. As Debtor's counsel failed to offer any evidence to overcome the initial presumption of validity applied to eCast's Proof of Claim, the Court overruled Debtor's Objection. eCast's Proof of Claim will be allowed. A separate Order will issue.

ENTERED: _____

      /s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

Copies to:

Richard Thurman Fleming
1603 Hope Road, Apt A
Glen Allen, VA  23060-4221

Jason Meyer Krumbein
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Drive, Suite 300
Richmond, VA  23230

eCast Settlement Corporation
P. O. Box 35480
Newark, NJ  07193-5480

HFC Customer Service
10184 West Broad Street
Glen Allen, VA  23060

Carl M. Bates
P. O. Box 1819
Richmond, VA  23218

Robert B. Van Arsdale
Assistant U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA  23219

4